J-S51025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILFREDO ORTIZ | |
| Appellant | No. 285 MDA 2014 |

Appeal from the PCRA Order January 16, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004618-1998

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                     **FILED SEPTEMBER 24, 2014**

Wilfredo Ortiz appeals *pro se* from the order entered on January 16, 2014, in the Court of Common Pleas of Berks County, dismissing, as untimely, his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Ortiz claims the PCRA's exception for a newly recognized constitutional right applies to his case,[1] and cites the United States Supreme Court decision in **Miller v. Alabama**,  132 S.Ct. 2455 (U.S. 2012), wherein the Court held "that mandatory life without parole **for those under the age of 18** at the time of their crimes violates

---

[1] The PCRA sets forth three exceptions that allow for review of an untimely PCRA petition: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"
*Miller*, 132 S.Ct. at 2460 (emphasis added). Based upon the following, we
affirm.

On November 24, 2000, a jury convicted Ortiz of murder of the first
degree, murder of the second degree, and various other offenses. Ortiz was
24 years old when he committed the crimes underlying these convictions.[2]
The trial court sentenced him to life imprisonment, and this Court affirmed
the judgment of sentence. *Commonwealth v. Ortiz*, 792 A.2d 617 (Pa.
Super. 2001) (unpublished memorandum, filed November 19, 2001). No
petition for allowance of appeal was filed with the Pennsylvania Supreme
Court. Thereafter, on July 11, 2002, Ortiz filed a timely *pro se* motion for
PCRA relief, and the court appointed counsel, who subsequently filed a "no-
merit" letter. The PCRA court, on September 23, 2002, granted counsel's
petition to withdraw, and, after providing Ortiz notice of intent to dismiss,
dismissed Ortiz's petition without a hearing on November 19, 2002. No
appeal was taken. Thereafter, on July 24, 2006, Ortiz filed a second PCRA
petition, which was dismissed as untimely. On appeal, this Court affirmed,
and the Pennsylvania Supreme Court denied allowance of appeal. *See*

_____

[2] *See* PCRA Court Order, 1/17/2014 ("[Ortiz avers, and the record confirms,
that he was 24 years old at the time of his offense.").

*Commonwealth v. Ortiz*, 964 A.2d 442 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 971 A.2d 492 (Pa. 2009).

The present appeal challenges the dismissal of Ortiz's third PCRA petition, which Ortiz filed August 27, 2012.[3]  In this third petition, Ortiz seeks  to overcome the PCRA's one-year time bar by invoking the PCRA's statutory exception for "a constitutional right that was recognized by the Supreme Court of the United States … after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S. § 9545(b)(1)(iii).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." *Id.*  (citation omitted).

Here, Ortiz, in relying on the United States Supreme Court's decision in *Miller, supra*,[4] contends that he was 24 years of age but not mature at

_____

[3] Ortiz, having been granted an extension, timely complied with the PCRA court's order to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

[4] The PCRA requires that any petition invoking a PCRA exception "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2). Relevant to the present petition, "the sixty-day period begins to run upon the date of the underlying judicial decision."
*(Footnote Continued Next Page)*

the time of his crime, and argues that **Miller** should apply to his case because "it would be a violation of Equal Protection, under the Fourteenth Amendment of the U.S. Constitution, for the courts to treat anyone with an immature brain as an adult ...." Ortiz's Brief at 8. This argument warrants no relief.

In **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013), the two appellants, who were 19 and 21 years of age at the time of their underlying crimes, and sentenced to life imprisonment, similarly claimed:

> [T]hat because **Miller** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in **Miller** should be extended to them

*(Footnote Continued)* ───────────────

**Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012). Here, the United States Supreme Court decided **Miller** on June 25, 2012, and Ortiz's petition was not docketed until August 27, 2012, more than 60 days later. Nevertheless, pursuant to the prisoner mailbox rule, a prisoner's *pro se* PCRA petition is deemed to be filed on the day it is placed in the hands of prison authorities for mailing when it was handed to prison officials. **See Commonwealth v. Robinson**, 12 A.3d 477, 479 n.2 (Pa. Super. 2011).

Here, the certified record contains the mailing envelope used for the petition, but the envelope has been cut and saved without the portion bearing the postmark. However, a hand-dated proof of service attached to the petition reflects the date of August 21, 2012 — within 60 days of the **Miller** decision. **See** 42 Pa.C.S. § 9545(b)(2); **Brandon, supra**.

as they were under the age of 25 at the time of the murder and, as such, had immature brains.

*Id.* at 764. This Court rejected that argument, concluding that "[a] contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

As in **Cintora**, Ortiz's claim that a newly-recognized constitutional right should be extended to cover his circumstances does not provide him with a § 9545(b)(1)(iii) timeliness exception. Further, even had Ortiz actually been under 18 years of age at the time he committed these crimes, he would not be entitled to relief, as the Pennsylvania Supreme Court has determined that the right recognized in **Miller** does not apply retroactively, and the United States Supreme Court has denied *certiorari*. **See Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (U.S. 2014). Accordingly, the PCRA court properly dismissed Ortiz's third PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2014