J-S53039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENON SAYLES, | |
| Appellant | No. 616 WDA 2014 |

Appeal from the PCRA Order February 19, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0007659-1993

BEFORE: DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 25, 2014**

Appellant, Kenon Sayles, appeals *pro se* from the order dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

A previous panel of this Court set forth the procedural and factual history of this case as follows:

> On August 18, 1993, Appellant was charged with one count of homicide, two counts of conspiracy, and one count of possessing an instrument of a crime.  [The charges stem from Appellant's participation in the beating death of Michael Martin

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order appealed from was dated February 12, 2014, but was not entered on the docket until February 19, 2014.  We have amended the caption accordingly.

with baseball bats during a fight between two rival gangs, when Appellant was seventeen years old.]  On November 3, 1994, after a three-day bench trial, the court found Appellant guilty of first degree murder and the remaining charges and sentenced him to life imprisonment.

Appellant filed a notice of appeal on April 13, 1995, and on May 10, 1996, this Court affirmed his judgment of sentence. [(*See Commonwealth v. Sayles*, 679 A.2d 850 (Pa. Super. 1996) (unpublished memorandum))].  Nearly three years later, on February 2, 1999, Appellant attempted to file a *pro se* petition for allowance of appeal *nunc pro tunc* in the Pennsylvania Supreme Court.  The Court returned the filing to Appellant the following day.  The Court also returned a second *pro se* petition for allowance of appeal *nunc pro tunc* filed by Appellant May 3, 1999.  The trial court eventually appointed counsel to represent Appellant, who filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* with the Supreme Court on June 7, 2000.  The Court denied the petition on August 25, 2000.

On August 31, 2001, Appellant filed a counseled PCRA petition.  On September 29, 2003, the PCRA court dismissed the petitioned as time-barred.  A *pro se* appeal to this Court followed.  On July 20, 2004, this Court remanded the instant case to the trial court for appointment of counsel and the filing of a counseled appellate brief.  The trial court appointed Appellant [counsel] on August 9, 2004.  On September 8, 2004, Appellant simultaneously filed with this Court an appellate brief and a [motion to withdraw as counsel].  *Commonwealth v. Sayles*, No. 1924 EDA 2003, unpublished memorandum at 1-3 (Pa. Super. filed November 9, 2004).  On November 9, 2004, this Court affirmed the PCRA court's order dismissing Appellant's petition as untimely and granted counsel's petition for leave to withdraw.  On May 4, 2005, Appellant filed a second PCRA petition, which was dismissed as untimely by the PCRA court on February 3, 2006.  On March 2, 2006, Appellant filed a *pro se* notice of appeal.  Subsequently, we dismissed Appellant's appeal for failure to file a brief.

On August 23, 2006, Appellant filed a *pro se* "Petition for Writ of *Habeas Corpus Ad Subjiciendum*."  The court treated Appellant's petition for writ of *habeas corpus* as a third PCRA petition and, pursuant to Pa.R.Crim.P. 907, advised Appellant of

> its intent to dismiss the petition without a hearing on the basis that it was untimely filed and without merit. Following Appellant's response to the notice, the PCRA court dismissed Appellant's petition as untimely on January 8, 2007. . . .

(**Commonwealth v. Sayles**, No. 807 WDA 2007, unpublished memorandum at 1-2 (Pa. Super. filed January 4, 2008)). Appellant appealed from the PCRA court's order, and this Court affirmed on January 4, 2008. (**See id.**).

On July 13, 2012, Appellant, acting *pro se*, filed the instant PCRA petition claiming that his life sentence is unconstitutional based on the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[2] The Commonwealth filed an answer on November 1, 2013, requesting that the court dismiss the PCRA petition pursuant to the Pennsylvania Supreme Court's decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014).[3] On November 20, 2013, Appellant filed a *pro se* response, requesting that the court stay the proceedings pending the United States Supreme Court's review of the **Cunningham** decision. On December 9, 2013, the PCRA court

_____

[2] The **Miller** Court recognized a constitutional right for juveniles under the age of eighteen, and held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller, supra** at 2460.

[3] In **Cunningham**, the Pennsylvania Supreme Court held that the **Miller** holding will not be applied retroactively to cases on collateral review. **See Cunningham**, **supra** at 11.

issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant filed a response on January 3, 2014, and the court entered another Rule 907 notice on January 23, 2014. On February 19, 2014, the court entered its order dismissing the petition. Appellant filed a timely notice of appeal.[4] On March 20, 2014, the PCRA court ordered Appellant to file a Rule 1925(b) statement of errors, and he timely complied. *See* Pa.R.A.P. 1925(b).[5] The court filed a Rule 1925(a) opinion on May 6, 2014. *See* Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> 1. Whether the [PCRA] court erred in dismissing [Appellant's] Post Conviction Relief Act Petition without reason in the interest of justice, judicial economy[?]
>
> 2. Whether the [PCRA] court erred in not adopting the reasoning of the United States Supreme Court's ruling[?]

(Appellant's Brief, at 4).

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the

---

[4] Appellant's notice of appeal was time-stamped and docketed on March 26, 2014. However, pursuant to the prisoner mailbox rule, we consider his *pro se* notice filed on the date he handed it to prison officials for mailing, on March 11, 2014. *See Commonwealth v. Robinson*, 12 A.3d 477, 479 n.2 (Pa. Super. 2011); (*see also* Appellant's *pro se* Notice of Appeal, postmarked March 11, 2014).

[5] Appellant's Rule 1925(b) statement was time-stamped and docketed on April 23, 2014. However, pursuant to the prisoner mailbox rule, we consider his *pro se* statement filed on the date he handed it to prison officials for mailing, on April 8, 2014. *See Robinson*, *supra* at 479 n.2; (*see also* Appellant's *pro se* Rule 1925(b) Statement, postmarked April 8, 2014).

determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and quotation marks omitted).

Before we may consider the merits of Appellant's claims, we must consider whether this appeal is properly before us.

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on June 10, 1996, when his time to file a petition for allowance of appeal with our Supreme Court expired. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3).[6] Therefore, he had one year from that date to file a petition for

_____

[6] The last day of the appeal period, June 9, 1996, fell on a Sunday. Therefore, Appellant had until that Monday to file the petition. *See* 1 Pa.C.S.A. § 1908.

collateral relief, specifically, until June 10, 1997. ***See id.*** at § 9545(b)(1). Because Appellant filed the instant petition on July 13, 2012, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at § 9545(b)(1)(i)-(iii). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. at § 9545(b)(2).

Here, Appellant claims the benefit of the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), alleging a newly-recognized, retroactively-applied constitutional right to relief predicated on the United States Supreme Court's decision in **Miller**, **supra**. (**See** Appellant's Brief, at 7-8; PCRA Petition, 7/13/12, at 1-3). Appellant asserts that his petition is timely because he filed it within sixty days of publication of the **Miller** decision.[7] (**See** PCRA Petition, 7/13/12, at 2). Appellant acknowledges that, in **Cunningham**, **supra**, the Pennsylvania Supreme Court held that the constitutional right announced in **Miller** does not apply retroactively. (**See** Appellant's Response to Notice of Intention to Dismiss, 11/20/13, at 1). He nonetheless contends that the PCRA court erred by dismissing his PCRA petition before the **Cunningham** decision was fully resolved. (**See** Appellant's Brief, at 8; Rule 1925(b) Statement, 4/08/14, at 1-2). We disagree.

First, the United States Supreme Court recently denied the petition for writ of *certiorari* filed in the **Cunningham** case. **See Cunningham**, **supra**. Second, in **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), a panel of this Court considered the **Miller** decision in light of **Cunningham** in the context of a facially untimely PCRA petition and explained:

_____

[7] The Supreme Court decided **Miller** on June 25, 2012, and Appellant filed the instant petition eighteen days later, on July 13, 2012. **See** 42 Pa.C.S.A. § 9545(b)(2).

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

> . . . [I]n *Cunningham*, our Supreme Court held that the constitutional right announced by the United States Supreme Court in *Miller* does not apply retroactively. Consequently, [a]ppellant cannot rely upon *Miller* or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court.

*Seskey*, *supra* at 242-43 (some case citations omitted).

Here, Appellant attempts to circumvent the effect of *Cunningham* on this Court's jurisdiction by asserting that the United States Supreme Court has not had the opportunity to review *Cunningham*. (*See* Appellant's Brief, at 8; Rule 1925(b) Statement, 4/08/14, at 1-2). This argument is now moot. Moreover, Appellant "cannot rely upon *Miller* or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court." *Seskey*, *supra* at 243.

Accordingly, Appellant failed to meet his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's time-

bar, and the PCRA court properly dismissed his petition.  **See Seskey**, **supra** at 243; **Cunningham**, **supra** at 11; **Jones**, **supra** at 17.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2014