J-S61035-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee :
    v. :
:
KENNETH A. SENOSKI, :
:
        Appellant : No. 734 WDA 2014

Appeal from the PCRA Order April 16, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No: CP-02-CR-0007565-1995

BEFORE:    FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 07, 2014**

Kenneth A. Senoski (Appellant) *pro se* appeals from the April 16, 2014

order which denied his petition for relief filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the factual and procedural

history of this case.

> On May 19, 1997, [A]ppellant was convicted by jury trial of
> aggravated assault, criminal attempt (rape), and recklessly
> endangering another person.  The conviction arose from a
> stabbing and attempted rape at the victim's home in Bridgeville
> on April 28, 1995.  The victim recognized [A]ppellant as being
> one of the moving men who had moved property to the victim's
> home about a week earlier.  Appellant was initially sentenced to
> 25 to 50 years' imprisonment, but on November 17, 1997,
> following a motion for modification, the court re-sentenced
> [A]ppellant to 12½ to 25 years' imprisonment.  This [C]ourt
> affirmed the judgment of sentence on August 2, 1999, and our
> [S]upreme [C]ourt denied appeal on November 23, 1999.
> ***Commonwealth v. Senoski***, 745 A.2d 46 (Pa.Super. 1999)
> (unpublished memorandum), *appeal denied*, 560 Pa. 743, 747
> A.2d 367 (1999).

---

*Retired Senior Judge assigned to the Superior Court.

On August 20, 1999, [A]ppellant filed, *pro se*, his first petition pursuant to the PCRA. Counsel was appointed on May 4, 2000, and on August 17, 2001, an amended petition was filed. On September 3, 2002, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A. On December 4, 2002, the PCRA court dismissed the petition. This [C]ourt affirmed the decision on April 7, 2004, and our [S]upreme [C]ourt denied appeal on December 29, 2004. ***Commonwealth v. Senoski***, 852 A.2d 1254 (Pa.Super. 2004) (unpublished memorandum), *appeal denied*, 581 Pa. 699, 864 A.2d 1204 (2004).

On October 6, 2008, [A]ppellant filed his second petition pursuant to the PCRA *pro se*. Counsel was appointed, but ultimately filed a "no-merit" brief pursuant to ***Turner***-***Finley*** practice on December 4, 2008. ***See Commonwealth v. Turner***, 581 Pa. 491, 544 A.2d 927 (1998); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***). On January 8, 2009, the PCRA court dismissed [A]ppellant's petition.

Appellant filed his third PCRA petition *pro se* on June 30, 2010. On August 2, 2010, the PCRA court issued a Rule 907 notice that it intended to dismiss [A]ppellant's petition without a hearing. Appellant filed a notice of appeal from this order on August 11, 2010, together with a fourth PCRA petition. On July 11, 2011, the PCRA court dismissed Appellant's fourth PCRA petition. This [C]ourt quashed the appeal from [A]ppellant's third PCRA petition on December 27, 2011, as being taken from an interlocutory order. On December 27, 2011, the PCRA court denied [A]ppellant's third PCRA petition as untimely.

***Commonwealth v. Senoski***, 69 A.3d 1296 (Pa. Super. 2013) (unpublished memorandum at 1-3) (unnecessary bolding omitted).

On appeal from the third petition, this Court held that Appellant's petition was filed untimely, and the references to new DNA evidence did not meet any of the PCRA timeliness exceptions. ***Senoski***, ***supra***, at 4-5. On

March 5, 2014, Appellant filed his fifth PCRA petition, which is at issue in this appeal. On March 26, 2014, the PCRA court issued a notice of its intention to dismiss pursuant to Pa.R.Crim.P. 907, and on April 16, 2014, the PCRA court denied Appellant's petition. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Robinson**, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence became final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

Applying this law to the case at hand, it is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 2001.[1] In his brief to this Court, Appellant does not invoke any exception set forth is 42 Pa.C.S. § 9545(b)(1). This is despite the fact that in this Court's memorandum in his last appeal, we instructed him on the law regarding the timeliness of a PCRA petition.

---

[1] Our Supreme Court denied Appellant's petition for allowance of appeal on November 23, 1999. Accordingly, Appellant had 90 days, or until February 22, 2000, to file timely a writ of *certiorari* to our Supreme Court. U.S. Sup. Ct. Rule 13. Accordingly, Appellant had until February 22, 2001 to file timely a PCRA petition. The instant petition was filed on March 5, 2014, over 13 years late.

> Although [A]ppellant claims to have new evidence, he does not expressly invoke any time of filing exception, such as the one that pertains to after-discovered facts. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). In point of fact, it is difficult to distill anything from [A]ppellant's 159-page brief. Appellant's brief on appeal is a rambling, incoherent discourse. Appellant makes bald assertions supported by little legal argument and cites case authority with no meaningful discussion.

***Senoski***, 69 A.3d 1296 (Pa. Super. 2013) (unpublished memorandum at 4).

Once again, Appellant's brief on appeal is rambling and incoherent. Although he includes a partial copy of the PCRA statute, **see** Appellant's Brief at 5, that section does not reference the timeliness exceptions. Moreover, Appellant makes only vague references to certain evidence either presented or not presented at trial. Appellant's Brief at 12.

Accordingly, because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly denied Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014

- 4 -