**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Roy ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 2010.

Filed Jan. 14, 2011.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: MUSMANNO, GANTMAN, and LAZARUS, JJ.

OPINION BY GANTMAN, J.:

Appellant, Roy Robinson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, dismissing his sixth petition, filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa. C.S.A. §§ 9541–9546. We hold Appellant failed to surpass the threshold jurisdictional requirements of the PCRA, and the court properly dismissed his sixth petition as untimely. Accordingly, we affirm.

The relevant facts and procedural history of this case are as follows. On April 30, 1990, the court sentenced Appellant on his jury trial convictions to life imprisonment for first-degree murder and a concurrent term of 2½–5 years for possessing an instrument of crime. This Court affirmed the judgment of sentence on May 9, 1991. *See Commonwealth v. Robinson*, 595 A.2d 193 (Pa.Super.1991) (unpublished memorandum). Appellant did not seek further review. Appellant filed his first PCRA petition on October 30, 1991, which the court subsequently denied on May 29, 1998. This Court affirmed on August 20, 1999, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Robinson*, 745 A.2d 45 (Pa.Super.1999) (unpublished memorandum), *appeal denied*, 563 Pa. 614, 757 A.2d 931 (2000). Appellant filed a second PCRA petition in 2002 that the court dismissed as untimely on February 19, 2003. Appellant filed a third PCRA petition in 2003 that the court dismissed as untimely on December 15, 2004.[1] While his appeal was pending, Appellant also filed in this Court a counseled motion for remand to permit the PCRA

---

1. While the appeal from the dismissal of Appellant's third petition was pending, Appellant filed his fourth PCRA petition *pro se* on March 31, 2006, in response to the Pennsylvania Supreme Court's decision in *Commonwealth v. Collins*, 585 Pa. 45, 888 A.2d 564 (2005) (decided December 27, 2005). The court dismissed Appellant's fourth petition pursuant to *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585 (2000) (stating subsequent PCRA petition cannot be filed during pendency of appeal from dismissal of prior petition).

court to consider Appellant's new claims in response to the Supreme Court's decision in *Collins, supra.* This Court affirmed the dismissal on July 10, 2006, and denied Appellant's motion for remand. *See Commonwealth v. Robinson,* 907 A.2d 1137 (Pa.Super.2006) (unpublished memorandum).

On August 16, 2006, Appellant filed his fifth PCRA petition alleging *Collins, supra* constituted a "newly discovered fact" that met an exception to the PCRA's timeliness provisions. The court rejected Appellant's claim and dismissed his fifth PCRA petition as untimely on March 23, 2007. On April 2, 2008, this Court affirmed the dismissal of Appellant's fifth PCRA petition, discrediting Appellant's position that a recent Supreme Court case constitutes a "fact" within the narrow meaning of the statutory exception; our Supreme Court denied allowance of appeal on September 10, 2008. *See Commonwealth v. Robinson,* 953 A.2d 838 (Pa.Super.2008) (unpublished memorandum), *appeal denied,* 598 Pa. 766, 956 A.2d 434 (2008).

Undeterred, Appellant filed his sixth and current PCRA petition on February 11, 2009, which the court dismissed as untimely on November 30, 2009, following proper notice, pursuant to Pa.R.Crim.P. 907. Appellant timely filed a notice of appeal on December 16, 2009. On December 18, 2009, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant filed on January

7, 2010 (allowing for the prisoner mailbox rule).[2]

Appellant presents four issues for review. (*See* Appellant's Brief at 8). Nevertheless, the principal concern on this appeal is whether the current PCRA petition qualifies for the "newly discovered facts" exception, based on his discovery of the Pennsylvania Supreme Court's decision in *Commonwealth v. Bennett,* 593 Pa. 382, 930 A.2d 1264 (2007) (announced August 23, 2007).

 The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett,* 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Id.* at 359, 956 A.2d at 983. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final.[3] 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz,* 830 A.2d 1273 (Pa.Super.2003); *Commonwealth v. Vega,* 754 A.2d 714 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

 The three statutory exceptions to the timeliness requirements of the PCRA provide very limited circumstances to excuse the late filing of a petition. 42 Pa.

---

**2.** Appellant's *pro se* Rule 1925(b) statement was dated January 7, 2010, but not entered on the docket as filed until January 12, 2010. Under the "prisoner mailbox rule," we deem the statement as filed on the date Appellant presented it to prison authorities for mailing. *See generally Commonwealth v. Wilson,* 911 A.2d 942, 944 n. 2 (Pa.Super.2006).

**3.** The amended PCRA provided a one-year grace period (January 16, 1996–January 16, 1997) to **first-time** PCRA petitioners whose judgments of sentence became final prior to the effective date of the amended Act. *See Commonwealth v. Alcorn,* 703 A.2d 1054 (Pa.Super.1997), *appeal denied,* 555 Pa. 711, 724 A.2d 348 (1998). The grace period does not apply in the present case.

C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

Our Supreme Court has generally rejected the concept of equitable exceptions to the statutory timeliness requirements of the PCRA. *Commonwealth v. Fahy*, 558 Pa. 313, 329, 737 A.2d 214, 222 (1999) (stating: "[I]n the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, **we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii)**") (emphasis added). We are compelled to remind ourselves of the reason for such limitations:

There is absolutely no doubt that there is an enduring societal interest in the finality of criminal proceedings. Indeed, one of the law's very objects is the finality of its judgments. Finality is essential to both the retributive and the deterrent functions of criminal law for neither innocence nor just punishment can be vindicated until the final judgment is known. That societal interest in finality encompasses a concern for the victims of crime and their families. This compelling interest in finality that is shared both by society and the state absolutely requires, to put it simply, that at some point litigation must come to an end. In Pennsylvania, the societal interest in finality is not just a notion of criminal theory; rather, it is reflected in the very letter of our PCRA. Indeed, the primary intent of many of the Act's 1995 amendments was to narrow the grounds for collateral relief and thereby establish a scheme by which collateral petitions may be processed

promptly in order to achieve finality .... the reason why convicted defendants are permitted to seek collateral relief is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their convictions. In reviewing collateral appeals, it is the role of [the appellate courts] to distinguish between the wrongly or unfairly convicted and those who deserve their sanctions.

*Commonwealth v. Sam,* 597 Pa. 523, 542–43, 952 A.2d 565, 576–77 (2008) (internal citations and quotation marks omitted).

*Commonwealth v. Monaco,* 996 A.2d 1076, 1080 (Pa.Super.2010) (most internal citations omitted).

■ Instantly, Appellant's judgment of sentence became final on or about June 10, 1991, upon expiration of the time to file a petition for allowance of appeal with the state Supreme Court. *See generally* Pa. R.A.P. 903 (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Appellant filed his sixth (current) PCRA petition on February 11, 2009, over seventeen (17) years after his judgment of sentence became final. Accordingly, Appellant's most recent prayer for PCRA relief is patently untimely. *See Bretz, supra; Vega, supra.*

Nevertheless, in an effort to evade a result similar to his last appeal, Appellant states he intended the current PCRA petition to act as a "refiled" and "amended" third petition. By characterizing his sixth petition as a "refiled" and "amended" third petition, Appellant attempts to circumvent the sixty-day requirement under 42 Pa. C.S.A. § 9545(b)(2), where Appellant filed his third petition on October 18, 2007, within sixty days of the *Bennett* decision.

Once again, Appellant tries to assert that a Supreme Court decision represents an "after discovered fact" under Section 9545(b)(1)(ii).

Both the PCRA court and later this Court have already rejected Appellant's prior attempt to assert a judicial decision as a "newly discovered fact." *See Robinson, supra* (filed April 2, 2008) (affirming dismissal of Appellant's fifth PCRA petition, and stating Supreme Court decision in *Collins* did not constitute new "fact" within narrow meaning of exception (b)(1)(ii)). Similarly, Appellant fails to meet the PCRA's sixty-day requirement under Section 9545(b)(2). *See Gamboa–Taylor, supra.* The Supreme Court announced the *Bennett* decision on August 23, 2007, triggering the sixty-day rule. *See Commonwealth v. Baldwin,* 789 A.2d 728 (Pa.Super.2001), *appeal denied,* 581 Pa. 669, 863 A.2d 1141 (2004) (stating sixty-day period begins to run upon date of judicial decision). *See also Commonwealth v. Boyd,* 923 A.2d 513, 517 (Pa.Super.2007), *appeal denied,* 593 Pa. 754, 932 A.2d 74 (2007) (stating same). Appellant did not file his sixth petition until February 11, 2009, over one year after the *Bennett* decision was announced and well beyond expiration of the sixty-day requirement.

Moreover, the PCRA court observed and we agree that Appellant cannot simply re-characterize his current petition as an amended earlier petition to satisfy the PCRA's timeliness requirements. *See Commonwealth v. Rienzi,* 573 Pa. 503, 508, 827 A.2d 369, 371 (2003) (refusing to allow untimely petition to serve as amended prior petition, although prior petition had been withdrawn without prejudice, where subsequent petition was later filed outside one-year statutory time limits). Here, Appellant's third PCRA petition was adjudicated, appealed, finally resolved, and fol-

lowed by his fourth and fifth petitions which were also finally resolved. There was no pending third petition to amend, and we deduce Appellant chose to use that petition solely because of its filing date.

Finally, the *Bennett* decision provides Appellant no relief under these circumstances. *See Bennett, supra* (allowing specific abandonment by counsel on appeal to serve as exception to PCRA timeliness requirement under 42 Pa.C.S.A. § 9545(b)(1)(ii), where abandonment was unknown to petitioner and petitioner filed for relief within sixty days of learning of abandonment; distinguishing under precise limited conditions those *Gamboa–Taylor* group of cases which hold ineffectiveness of counsel claim generally does not constitute exception to statutory time requirements of PCRA). Based upon the foregoing, we hold Appellant failed to surpass the threshold jurisdictional requirements of the PCRA, and the court properly dismissed his sixth petition as untimely.[4] Accordingly, we affirm.

Order affirmed.

4. On December 21, 2010, Appellant filed a document with this Court, which he called a "post-submission communication." We reject his submission entirely, as having been filed without application and/or permission. *See* Pa.R.A.P. 2501(a).