J-S59043-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| LARRY STEPHENSON, | : | |
| | : | |
| Appellant | : | No. 1357 EDA 2014 |

Appeal from the Order entered February 4, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No: CP-23-CR-0100982-1974

BEFORE:   SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 09, 2014**

Larry Stephenson (Appellant) *pro se* appeals from the February 4, 2014 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In October 1973, Appellant, 24 years old at the time, was involved in the robbery of a bar that resulted in a patron being shot and killed.  He was convicted of several offenses, including first-degree murder.  On April 25, 1975, Appellant was sentenced to life imprisonment without the possibility of parole.

On August 15, 2013, Appellant filed a *pro se* PCRA petition, which is the subject of this appeal.  On November 27, 2013, the PCRA court filed a notice of intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907.  Appellant responded, and the petition was dismissed by order of February 4, 2014.

*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents three questions to this Court on appeal.

I. Did the [PCRA] court err in not granting a resentencing hearing to Appellant … when it did not consider whether mandatory life-without-parole terms for adults in non-homicide and homicide cases violate state and federal equal protection clauses, as well as Art. 7 of the Universal Declaration of Human Rights?

II. Did the [PCRA] court err in not granting a resentencing hearing to Appellant … when it did not consider whether mandatory life-without-parole terms for individuals over age 17 but below age 25 violates the United States Constitution's Eighth Amendment, Art. 5 of the Universal Declaration of Human Rights, as well as Art. 1, Section 13 of the Pennsylvania Constitution?

III. Did the [PCRA] court err in not granting a resentencing hearing to Appellant … when it did not consider whether a new trial with a "life-qualified" jury because Appellant's age changes the possible punishment for first/second degree murder?

Appellant's Brief at 3 (some capitalization omitted).

We consider Appellant's arguments under the following standard of review.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (quotations and citations omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence became final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

Applying this law to the case at hand, we address together Appellant's first and second questions. It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 1998.[1] Appellant alleges that his petition is timely based upon the United States Supreme Court's holding in *Miller v. Alabama*, 132 S.Ct. 2455 (2013). Presumably, Appellant is asserting that the *Miller* decision satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

---

[1] In a previous appeal to this Court, we concluded that Appellant's sentence became final on January 5, 1998, when the 90 day period expired in which Appellant had to file a writ of certiorari to the United States Supreme Court after our Supreme Court affirmed his judgment of sentence. *Commonwealth v. Stephenson*, 764 A.2d 1129 (Pa. Super. 2000) (unpublished memorandum at 5).

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(iii).

The alleged timeliness exception clearly does not apply to Appellant's petition. First, the holding of **Miller** is "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for **juvenile** offenders." **Miller**, 132 S.Ct. at 2469 (emphasis added). Appellant was not a juvenile at the time this incident occurred. Furthermore, in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014), our Supreme Court held that the United States Supreme Court's holding in **Miller** does not apply retroactively. Thus, even if Appellant were a juvenile at the time of the murder, **Miller** would not entitle him to relief.[2]

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

---

[2] Because Appellant untimely filed his petition, we need not address his third issue, where Appellant argues that "he is entitled to a trial by a 'life-qualified' jury because of his similar biological characteristics as those under the age of 18." Appellant's Brief at 16.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>9/9/2014</u>