J-S61031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BUWLUS A. MUHAMMAD, | |
| Appellant | No. 599 WDA 2014 |

Appeal from the PCRA Order March 14, 2014
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000232-2007

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 07, 2014**

Buwlus A. Muhammad (Appellant) appeals from March 14, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In August 2007, Appellant was sentenced to an aggregate term of 92 to 184 months of incarceration following convictions for, *inter alia*, aggravated assault and harassment.  Appellant's judgment of sentence was affirmed by this Court on December 31, 2008, and his petition for allowance of appeal was denied on September 30, 2009.  ***Commonwealth v. Muhammad***, 970 A.2d 474 (Pa. Super. 2008) (unpublished memorandum),

_____

[*] Retired Senior Judge assigned to the Superior Court.

*appeal denied*, 980 A.2d 606 (Pa. 2009)).  Appellant filed several PCRA petitions between 2009 and 2012, none of which resulted in relief.

On December 23, 2013, Appellant filed the PCRA petition that is the subject of the instant appeal.  Therein he alleged that prison officials involved in his case had "been exposed in a news article as corrupt and criminal individuals, and untrustworthy."  PCRA Petition, 12/23/2013, at 3.  On February 7, 2014, the PCRA court filed a Rule 907 notice, expressing its determination that Appellant's petition was filed untimely.  Appellant filed objections to the notice.  The PCRA court dismissed Appellant's petition by order of March 14, 2014.  Appellant timely filed a notice of appeal.

Appellant presents the following questions for this Court's consideration: "Whether [Appellant] is [e]ntitled to a remand to the PCRA court for a[n] evidentiary hearing where the PCRA court denied such a hearing, and whether its findings otherwise were not supported by the records and not free of legal error?"  Appellant's Brief at iii.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Robinson*, 12 A.3d at 480.

Appellant acknowledges that the instant PCRA petition is facially untimely. Appellant's Brief at 2. Appellant claims that he alleged sufficient facts to satisfy the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii), which provides as follows: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" Specifically, Appellant claims that evidence of a "prison scam" was published in newspaper articles "from early 2012 to late 2013." Appellant's Brief at 3. He alleges that he filed his petition within 60 days of being informed about the articles by a friend of the family in November 2013. Appellant further asserts that he could not with the exercise of due diligence have learned of the articles earlier because they were "not public record" and, with his being in prison more than 200 miles away, he "had no means financialy [*sic*] or otherwise to be informed of the occurrence and events as would be published in the Erie

Times News…." *Id.* at 6. Therefore, Appellant argues, the PCRA court should not have dismissed his petition without a hearing.

We disagree. Appellant relies on facts that were available to the general public through articles that were published more than one year before Appellant filed his petition. Appellant offers no explanation of the efforts he took to keep informed of the news, nor why he was unable to learn of the news until an Erie County Prison inmate was released and told Appellant's sister to tell Appellant's wife that Appellant should "look into this matter, cause it could affect his case." Affidavit of Menry McCullum, notarized 2/20/2014, at 1. Thus, Appellant failed to allege facts that warranted a hearing on his petition. *See, e.g., Commonwealth v. Fisher*, 870 A.2d 864, 871 (Pa. 2005) (holding subsection 9545(b)(1)(ii) exception not met where articles containing information relied upon had "been available and discoverable for more than two years" prior to filing of petition).

Because Appellant failed to satisfy a PCRA timeliness exception, the PCRA court lacked jurisdiction to entertain the merits of Appellant's claims, and dismissal of the PCRA petition was proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/7/2014</u>