J-S09025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALPH EDWARD MCMANUS, | |
| Appellant | No. 1202 WDA 2014 |

Appeal from the PCRA Order July 16, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001368-2010

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 10, 2015**

Ralph Edward McManus appeals *pro se* from the order entered by the PCRA court denying his third PCRA petition as untimely.  We affirm.

Appellant pled guilty to involuntary deviate sexual intercourse with a person less than sixteen years of age, indecent assault, and corruption of minors.  The facts supporting his plea were that he kissed on the mouth a fifteen-year-old female and had her perform oral sex on him on multiple occasions, when he was forty-six years old.  The court sentenced Appellant on February 7, 2011, to five to ten years incarceration.  Appellant failed to file a timely direct appeal.

Subsequently, Appellant filed his first PCRA petition on March 1, 2012.  The court appointed counsel, who filed an amended petition.  At an evidentiary hearing, however, Appellant moved to withdraw his petition.

The court granted that request. Appellant then filed a serial PCRA petition on June 18, 2012. The court denied that petition as untimely after issuing a notice of dismissal under Pa.R.Crim.P. 907. Appellant appealed, and this Court affirmed on April 11, 2013. *Commonwealth v. McManus*, 1159 WDA 2012 (unpublished memorandum).

Appellant filed the instant PCRA petition on June 20, 2014. Therein, he contended that he had recently discovered the Pennsylvania Supreme Court decision in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), filed on December 16, 2013, which held legislation amending Megan's Law violated the single subject rule and was unconstitutional. According to Appellant, he filed this petition within sixty days of learning of that decision. The PCRA court issued a Rule 907 notice and Appellant responded. The court then dismissed Appellant's petition as untimely on July 16, 2014. This appeal followed. The court directed Appellant to file and serve a concise statement of errors complained of on appeal on August 1, 2014. Appellant failed to do so and the PCRA court issued a one-page decision finding Appellant's issues waived.[1] Appellant now raises three issues for our review.

> I.    Did the court of common pleas of Fayette County err by dismissing Appellant['])s petition for post[-]conviction collateral relief?

_____

[1] Appellant has attached to his brief inmate request forms, relative to the mail he received, that appear to show that the concise statement order was not served on him.

II.    Did the court of common pleas err by claiming the court ordered Appellant to file a statement of errors complained of on appeal (1925(b)) when the court did not?

III.   Appellant was sentenced under Act 152 of 2004 concerning the Megan's Law statute which has been declared unconstitutional therefore Appellant[']s sentencing hearing was unconstitutional!

Appellant's brief at 4.

In order for a collateral petition to be timely under the PCRA, it must be filed within one year of the finality of the petitioner's judgment of sentence.  42 Pa.C.S. § 9545(b)(1). Appellant's judgment of sentence was final in 2012.  Here, Appellant could only file a timely petition by asserting one of three timeliness exceptions.  Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively.  42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).  Any claim arguing an exception to the time-bar must be filed within sixty days of the date it could have been first presented.  42 Pa.C.S. § 9545(b)(2).

Appellant, in his *pro se* petition, invoked the newly-discovered fact and new constitutional right exceptions.   The PCRA court concluded that Appellant did not file his petition within sixty days of the filing of **Neiman**. Appellant argues on appeal that the sixty days should begin to run from the time he discovered the opinion.  Even if Appellant were correct, his claim would still fail.  A judicial opinion does not serve as a newly-discovered fact.

*Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011); *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). Further, *Neiman* did not recognize a new constitutional right; rather, it held a statute unconstitutional based on prior precedent discussing the Pennsylvania Constitution's single subject rule. *See Neiman*, *supra*. The two concepts are distinct. Further, *Neiman* did not pertain to Appellant's incarceration sentence, but to Megan's Law consequences. As *Neiman* could not serve as a newly-discovered fact nor did it announce a new constitutional right, Appellant is entitled to no relief. Since Appellant's petition was untimely, it is immaterial whether he received the PCRA court's 1925(b) order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015