J-S10033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEROY SHELLEY | |
| Appellant | No. 1793 EDA 2014 |

Appeal from the PCRA Order June 9, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002202-1997

BEFORE: GANTMAN, P.J., STABILE, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED FEBRUARY 12, 2015**

Appellant, Leroy Shelley, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, which dismissed his serial petition, filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On March 27, 1998, a jury convicted Appellant of robbery, simple assault, and criminal conspiracy, in connection with his robbery of a Casual Male Big and Tall clothing store. The court sentenced Appellant on September 8, 1998, to an aggregate term of 11½ to 35 years' imprisonment. This Court affirmed the judgment of sentence on July 29, 1999, and our Supreme Court denied allowance of appeal on December 28, 1999. **See Commonwealth v. Shelley**, 742 A.2d 1151 (Pa.Super. 1999), *appeal denied*, 561 Pa. 656, 747 A.2d 900 (1999). From 2003 to 2012,

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant unsuccessfully litigated multiple PCRA petitions. On May 5, 2014, Appellant filed *pro se* the current, serial PCRA petition. The court issued Pa.R.Crim.P. 907 notice on May 14, 2014; Appellant did not respond. On June 9, 2014, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on June 19, 2014. On June 23, 2014, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Robinson**, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). Instantly, Appellant's judgment of sentence became final on March 27, 2000, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13 (allowing ninety days to file petition for writ of *certiorari*). Appellant filed the current petition on May 5, 2014, more than fourteen years after his judgment of sentence became final; thus, Appellant's petition is patently untimely. Additionally, Appellant does not allege any exception to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Instead, Appellant simply maintains that the PCRA's time requirements cannot bar a challenge to the legality of his

sentence; this claim fails. ***See Commonwealth v. Seskey***, 86 A.3d 237 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 101 A.3d 103 (2014) (explaining waiver and jurisdiction are separate matters; while challenge to legality of sentence is technically not subject to waiver, claim is lost when presented in untimely PCRA petition for which no time-bar exception applies, because court lacks jurisdiction over untimely petition). Thus, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2015