J. S12041/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN SILAS, | : | |
| | : | |
| Appellant | : | No. 1703 EDA 2014 |

Appeal from the PCRA Order May 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0624121-1981

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED FEBRUARY 25, 2015**

Appellant, Kevin Silas, appeals *pro se* from the order entered in the

Philadelphia County Court of Common Pleas dismissing his serial Post

Conviction Relief Act[1] ("PCRA") petition as untimely.[2]  Appellant, who was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The PCRA court referred to the instant petition as both Appellant's fifth and sixth.  PCRA Ct. Op., 7/15/14, at 2; Order, 5/14/14, at n.1.  A review of the voluminous record reveals Appellant has filed a copious number of petitions and memoranda of law, some labelled as PCRA and some not, and some of which should be construed as amended or supplemental PCRA petitions. Nevertheless, it is not necessary to determine the precise number of prior PCRA proceedings, as the timeliness requirements of the PCRA apply to all petitions.  **See** 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]").

eighteen years old at the time of the underlying homicide, alleges his sentence of life imprisonment without parole is illegal under **Graham v. Florida**, 560 U.S. 48 (2010), and the Eighth Amendment to the United States Constitution. We affirm.

A prior panel of this Court summarized the underlying facts as follows.[3] Appellant planned a robbery and his two co-conspirators carried it out. On November 14, 1980, the 93 year-old victim was robbed and beaten; she subsequently died as a result of the beating. After the robbery, the co-conspirators fled to Appellant's home. At that time, Appellant was eighteen years and seventeen days old.

On March 9, 1982, after a jury trial, Appellant was found guilty of murder in the second degree, conspiracy, and robbery. On November 1, 1982, the trial court imposed the mandatory sentence of life imprisonment without parole.[4] This Court affirmed the judgment of sentence on direct appeal on June 14, 1988.[5] Appellant did not seek allowance of appeal with our Supreme Court.

---

[3] **See Commonwealth v. Silas**, 1121 PHL 1997 (unpublished memorandum) (Pa. Super. Feb. 24, 1999) (affirming dismissal of third PCRA petition on untimeliness grounds).

[4] The trial court also imposed imprisonment sentences of ten to twenty years for robbery and five to ten years for conspiracy, both to run concurrently with the life sentence.

[5] **Commonwealth v. Silas**, 342 PHL 1987 (unpublished memorandum) (Pa. Super. June 14, 1988).

Appellant filed the instant *pro se* PCRA petition, along with a memorandum of law, on September 13, 2010, claiming: (1) his sentence was cruel and unusual punishment because he was a minor at the time of the offense; and (2) **Graham** held it is unconstitutional to impose a life-without-parole sentence on a juvenile for a non-homicide offense. Appellant subsequently lodged eight more filings, in which he invoked the PCRA "new constitutional right" timeliness exception at Subsection 9545(b)(1)(iii) and argued that at age eighteen, he was, although not a "juvenile," a "minor" who qualifies for the protections afforded by **Graham**.

On March 17, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely.[6] The court found that Appellant could not rely on **Graham** or **Miller v. Alabama**, 132 S. Ct. 2455 (2012), to invoke a timeliness exception. Appellant filed a *pro se* response, and on May 14th, the court filed the instant order dismissing the petition as untimely. Appellant took this timely appeal.

Appellant's sole issue for our review is whether the PCRA court erred in dismissing his petition as untimely. He avers that he learned of the **Graham** decision on June 28, 2010, the same day the prison library received a copy of the decision. Appellant further asserts that within sixty days, he filed a "Petition for Review" with the **Erie** County Court of Common Pleas, but that

---

[6] The record does not indicate any reason for the lapse of three-and-a-half years between the filing of the initial petition and the court's Rule 907 notice.

court returned it to him with instruction to file it in the proper court—the **Philadelphia** Court of Common Pleas. Appellant avers that he then filed the instant PCRA petition with the PCRA court and invoked the exception at Subsection 9545(b)(1)(iii). Appellant then argues he "was not the principal killer" in this case and "did not kill or intend to kill," had "a twice diminished moral culpability," and therefore is subject to the prohibition in **Graham** against life sentences for juvenile offenders "who 'did not kill or intend to kill.'" Appellant's Brief at 4, 14, 18. Finally, Appellant again asserts a distinction in Pennsylvania between children, who are under eighteen years of age, and minors, who are eighteen to twenty. We find no relief is due.

"[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). Subsection 9545(b)(1) of the PCRA requires a petition to be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). The exception at Subsection 9545(b)(1)(iii) allows a petition after the filing period when it asserts a constitutional right recognized by the United States Supreme Court or Pennsylvania Supreme Court and held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). Finally, we note that in **Seskey**, this Court held,

> Recently, in **Cunningham**, our Supreme Court held that the constitutional right announced by the United

> States Supreme Court in **Miller** does not apply retroactively. Consequently, [the petitioner] cannot rely upon **Miller** or subsection 9545(b)[(1)](iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court.

**Seskey**, 86 A.3d at 243 (citation omitted).

In the case *sub judice*, it is not disputed that Appellant's petition was filed beyond the general one-year filing period.[7] **See** 42 Pa.C.S. § 9545(b)(1). Pursuant to **Seskey**, we hold the PCRA court did not err in finding Appellant could not rely on **Graham** or **Miller** to invoke the Subsection 9545(b)(1)(iii) timeliness exception. **See Seskey**, 86 A.3d at 243. Appellant's argument that he was still a minor at age eighteen is meritless, as **Miller** specifically held "that mandatory life without parole for those **under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **See Miller**, 132 S. Ct. at 2460 (emphasis added). Accordingly, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

---

[7] As stated above, this Court affirmed Appellant's judgment of sentence on June 14, 1988, and he did not seek allowance of appeal with our Supreme Court. "The amended PCRA provided a one-year grace period . . . to **first-time** PCRA petitioners whose judgments of sentence became final prior to the effective date[, January 16, 1996,] of the amended Act." **Commonwealth v. Robinson**, 12 A.3d 477, 479 n.3 (Pa. Super. 2011). "The grace period does not apply in the present case," as this was not Appellant's first PCRA petition. **See id.**

J. S12041/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015