J-S51010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH D. HERDER | |
| Appellant | No. 3238 EDA 2015 |

Appeal from the PCRA Order September 30, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001295-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JUNE 20, 2016**

Appellant, Joseph D. Herder, appeals from the order entered in the Bucks County Court of Common Pleas, which denied his untimely first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 10, 2011, a jury convicted Appellant of receiving stolen property, unauthorized use of a motor vehicle, and driving while operating privilege is suspended or revoked.  Appellant requested counsel for sentencing, so the court appointed counsel for sentencing and a potential appeal.  On August 25, 2011, the court sentenced Appellant to an aggregate term of 3-7 years' imprisonment.  Appellant did not pursue timely direct review.  Between January and April 2012, Appellant wrote multiple *pro se* letters to the Clerk of Courts requesting transcripts, stating his

_____

*Retired Senior Judge assigned to the Superior Court.

"understanding" that sentencing counsel was supposed to file a direct appeal on his behalf, and expressing his intent to file a direct appeal. On April 11, 2012, the Clerk of Courts responded that sentencing counsel was still counsel of record, and the Clerk would forward Appellant's correspondence to counsel per Pa.R.Crim.P. 576.[1]  Upon receipt of Appellant's correspondence, sentencing counsel wrote to Appellant and confirmed there was no direct appeal pending. On December 18, 2014, Appellant filed the current *pro se* document,[2] which the court treated as a PCRA petition. The court subsequently appointed PCRA counsel and held a hearing on August 7, 2015. The parties stipulated that if called to testify, sentencing counsel would say Appellant did not ask him to file post-sentence motions or a direct appeal. Appellant testified at the hearing, *inter alia*, that sentencing counsel wrote to him in early 2012, explaining no direct appeal had been filed. Following receipt of this letter, Appellant said he left the appeal issue alone (until the filing of his current PCRA petition) because he thought an attorney should be handling the appeal. On September 30, 2015, the court denied

_____

[1] **See** Pa.R.Crim.P. 576(A)(4) (stating in any case in which defendant is represented by attorney, if defendant submits for filing written motion, notice, or document that has not been signed by defendant's attorney, clerk of courts shall, *inter alia*, forward document to defendant's attorney and attorney for Commonwealth within 10 days of receipt).

[2] This document is titled: Motion for Waiver or Modification of Rule 576 relating to defendants represented by counsel of record[;] Motion for New Trial[;] Motion for Change of Appointed Counsel[;] Motion for Post-Sentence Relief[; and] Motion for Writ of *Habeas Corpus*.

PCRA relief. Appellant timely filed a notice of appeal on October 27, 2015. The next day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement, and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Robinson**, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(1), (3). The statutory exceptions to the timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2). The timeliness exception at Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. Instantly, Appellant's judgment of sentence became final on September 24, 2011, upon expiration of the time for filing a notice of appeal to this Court. **See** Pa.R.A.P. 903(a) (explaining notice of appeal shall be filed within 30 days after entry of order or judgment from which appeal is taken). Appellant filed the current PCRA petition on

December 18, 2014, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new facts" exception at Section 9545(b)(1)(ii), claiming the court's remarks at sentencing led him to believe counsel would file a direct appeal on his behalf and Appellant "recently learned" sentencing counsel failed to file a direct appeal.[3] Nevertheless, Appellant's correspondence with the Clerk of Courts and his testimony at the PCRA hearing make clear Appellant knew in early 2012 that sentencing counsel had not filed a direct appeal. Thus, Appellant cannot satisfy the 60-day rule, and his petition remains untimely. *See* 42 Pa.C.S.A. § 9545(b)(2). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016

---

[3] Appellant's reliance on the "governmental interference" exception at Section 9545(b)(1)(i) is waived, where Appellant did not raise that exception before the PCRA court. *See* Pa.R.A.P. 302(a) (stating issues not raised in PCRA court are waived and cannot be raised for first time on appeal).