J-S44020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA RIOS, | |
| Appellant | No. 1732 EDA 2015 |

Appeal from the PCRA Order May 14, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: MC-51-CR-0021510-2011, MC-51-CR-0032469-2011, and MC-51-CR-0032470-2011

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 17, 2016**

Joshua Rios, Appellant, appeals from the May 14, 2015 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court"), denying as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the history of the case as follows:

> On March 4, 2010, [Appellant] pleaded guilty before the PCRA court to terroristic threats (CP-51-CR-0014319-2009), and simple assault and recklessly endangering another person (REAP) (CP-51-CR-0014318-2009).  He was given probation sentences.  Within this probation period, on May 17, 2011, [Appellant] broke into several vehicles with his co-conspirator, stole various items from within the vehicles, and also caused damage to the victims' vehicles; [Appellant] was arrested the next day with his cohort and some of the stolen items were found in [Appellant's] truck.  On August 31, 2011, [Appellant] pleaded guilty to the theft and criminal conspiracy cases and was again given probation sentences—these are the

cases at issue in this PCRA appeal (MC-51-CR-0021510-2011, MC-51-CR-0032469-2011, MC-51-CR-0032470-2011).

[Appellant] was brought before th[e PCRA] court on two prior occasions for violations of probation. For his first violation, he was given probation sentences on August 31, 2011, for his terroristic threats, simple assault and REAP convictions. For his second violation on February 17, 2012, probation was imposed on four out of five of his prior cases, and on one theft/conspiracy case, MC-51-CR-00215210-2011, he was given a 4 to 12 month prison sentence followed by house arrest and 60 months reporting probation.

On December 15, 2012, [Appellant] brutally assaulted an eighteen (18) year-old male, causing bleeding and severe swelling to the eyes, jaw[,] and forehead. Specifically, while the victim was at [a] party talking to a girl, [Appellant] asked the victim, "Do you want to get fucked up white boy?" When the victim turned, he was struck in the face with a vodka bottle, and then struck by [Appellant] in the face around four times while [Appellant] was wearing brass knuckles. The victim fell to the ground and was repeatedly stomped and kicked in the head, face and body by [Appellant] and a group of over thirty people. The victim ran through an alley to get away and, as he reached the end of the alley, he was again struck in the face with a bottle and again kicked and stomped. The victim's friend put him over his shoulder, ran two blocks away and called police. The victim was taken to Hahnemann Hospital where he stayed overnight for his injuries.

On January 17, 2013, and April 5, 2013, a VOP hearing pursuant to **Commonwealth v. Kates** 305 A.2d 701 (Pa. 1973), "Daisy Kates" hearing, was held before th[e PCRA] court. The above facts of [Appellant's] direct violation of probation were testified to at the VOP hearing. After the hearing, [Appellant's] probation was revoked. On May 31, 2013, he was sentenced to an aggregate term of 4½ to 9 years incarceration, followed by five years probation. On June 12, 2013, [Appellant's] [m]otion to [r]educe sentence and/or [c]orrect [s]entence was filed by attorney Joshua M. Briskin; on June 13, 2013, the [m]otion was denied. According to [Appellant], in the direct violation case, "the Commonwealth nolle prossed all charges against [Appellant] except simple assault and recklessly endangering another person[,]" he "entered a plea of nolo contendre to [those] charges and received no further penalty."

On September 11, 2014, [Appellant], represented by Kenneth L. Mirsky, Esquire, filed an untimely [p]etition

- 2 -

pursuant to the [Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* (PCRA), claiming that his "sentences were not consistent with the gravity of his violation, the need for public protection, or his needs for rehabilitation, he was "denied effective assistance of counsel," and he was "denied his right to appeal."

On February 18, 2015, PCRA counsel filed an "Amended Petition for Post-Conviction Collateral Relief."

The Commonwealth filed a [m]otion [t]o [d]ismiss the [p]etition.

On March 20, 2015, PCRA counsel filed "Petitioner's Answer to Commonwealth's Motion To Dismiss."

On March 26, 2015, th[e PCRA] court sent [Appellant] a [n]otice [t]o [d]ismiss pursuant to Pa.R.Crim.P. 907, that his PCRA [p]etition would be dismissed without further proceedings on April 28, 2015, because his [p]etition was untimely filed and his issues are without merit. On May 14, 2015, by [o]rder, th[e PCRA] court dismissed [Appellant's] PCRA [p]etition.

On June 11, 2015, [Appellant] filed a [n]otice of [a]ppeal to this ruling. On June 15, 2015, th[e PCRA] court ordered [Appellant] to file a [s]tatement [o]f [e]rrors [c]omplained [o]f [o]n [a]ppeal within 21 days of the date of the [o]rder. [Appellant] filed his [s]tatement on July 1, 2015.

Trial Court Opinion, 7/15/15, at 1-4 (citation omitted) (footnote omitted).

Appellant raises a sole issue on appeal.

Whether [Appellant's] PCRA [p]etition should not have been dismissed as untimely since [Appellant] plead and can prove that his claim comes with[in] one of the exceptions to the one-year time requirement: that the facts upon which this claim is predicated were unknown to the defendant and could not have been ascertained by the exercise of due diligence. [Appellant's] new case, which was the basis for the [PCRA] court finding him in violation of probation, was not resolved until shortly after the one year expired from his sentencing on the violation of probation and the [Appellant] could not have known prior to that time that the District Attorney would not proceed on the felony charges against him.

Appellant's Brief at 4.

- 3 -

The timeliness of a PCRA petition is jurisdictional. **See Commonwealth v. Robinson**, 12 A.3d 477, 479 (Pa. Super. 2011) (citations omitted). Any PCRA petition must be filed within one year of the date judgment becomes final, unless the petition alleges and proves one of three timeliness exceptions. 42 Pa.C.S.A. § 9545(b)(1). "[J]udgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The three exceptions to the one year requirement requires a petitioner alleges and proves that

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(i-iii). If one of the exceptions is invoked, the petition shall be filed within 60 days of the date it could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

In the matter *sub judice* Appellant asserts the Commonwealth's *nolle pros* of several charges (upon which his probation was revoked), more than a year after his VOP hearing, was a fact which could not have been

ascertained by the exercise of due diligence, and therefore his PCRA petition was timely filed. Appellant maintains that the trial court, relying upon *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011) (an in-court ruling or published judicial opinion is law),[1] erred when it viewed his plea as the "fact" unknown to the Appellant. Appellant is mistaken. While Appellant may have negotiated a plea with the Commonwealth, it was the court order accepting that plea and imposing sentence that affected the disposition of the charges against him. Since that order does not qualify as a new fact and Appellant's PCRA petition was filed more than one year after his sentence became final, his petition was untimely. *See* 42 Pa.C.S.A. § 9545(b); *Watts*, 23 A.3d at 986-87. The PCRA court correctly determined that it

_____

[1] In *Watts*, the Supreme Court explained the distinction between law and fact as follows:

> Black's Law Dictionary explains the distinction thusly: 'Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule.' Put another way 'A 'fact,' as distinguished from the 'law,' . . . [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law.' Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

*Id.* at 986-87.

lacked jurisdiction to grant relief as the petition was untimely and failed to satisfy any timeliness exceptions to the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016