J-S19004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| DENNIS TOBY | : | |
| | : | |
| Appellant | : | No. 1064 MDA 2016 |

Appeal from the PCRA Order June 6, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0003199-2003

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 22, 2017**

Appellant, Dennis Toby, appeals *pro se* from the order entered in the York County Court of Common Pleas, which denied his most recent petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On July 16, 2004, a jury convicted Appellant of third-degree murder, robbery, burglary, and receiving stolen property.  The court sentenced Appellant on August 25, 2004, to an aggregate term of 27½-55 years' imprisonment.  This Court affirmed the judgment of sentence on September 8, 2006, and our Supreme Court denied allowance of appeal on March 20, 2007.  ***See Commonwealth v. Toby***, 911 A.2d 187 (Pa.Super. 2006), *appeal denied*, 591 Pa. 713, 919 A.2d 956 (2007).  On June 4, 2007, Appellant timely filed a PCRA petition, for reinstatement of his direct appeal rights *nunc pro tunc* due to counsel's

_____

*Former Justice specially assigned to the Superior Court.

failure to file a timely Rule 1925(b) statement on direct appeal. The court granted relief on July 12, 2007, and Appellant filed a *nunc pro tunc* notice of appeal on July 17, 2007. On July 8, 2008, this Court affirmed. **See Commonwealth v. Toby**, 959 A.2d 975 (Pa.Super. 2008). Our Supreme Court subsequently granted Appellant's petition for allowance of appeal on December 17, 2008, and remanded the case to this Court for consideration of a jury instruction issue. **See Commonwealth v. Toby**, 600 Pa. 97, 963 A.2d 902 (2008). This Court again affirmed the judgment of sentence on March 31, 2009, and our Supreme Court denied allowance of appeal on October 15, 2009. **See Commonwealth v. Toby**, 974 A.2d 1193 (Pa.Super. 2009), *appeal denied*, 603 Pa. 676, 982 A.2d 65 (2009). On August 2, 2010, Appellant timely filed a *pro se* PCRA petition; however, Appellant withdrew the petition on December 13, 2010. Appellant then filed a *pro se* PCRA petition on September 8, 2011, and the PCRA court denied relief on September 26, 2011. This Court affirmed on June 29, 2012, and our Supreme Court denied allowance of appeal on November 20, 2012. **See Commonwealth v. Toby**, 53 A.3d 944 (Pa.Super. 2012), *appeal denied*, 618 Pa. 688, 57 A.3d 70 (2012). On or about March 7, 2016, Appellant filed the instant petition for writ of *habeas corpus* in the civil division, which raised challenges to the lawfulness of his convictions. The court treated Appellant's petition as a PCRA petition and transferred it to Appellant's existing criminal docket. The court ultimately dismissed the petition as

untimely on June 6, 2016. Appellant timely filed a notice of appeal on June 27, 2016. On July 8, 2016, the court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied on July 25, 2016.

Any petition for post-conviction collateral relief generally is considered a PCRA petition, regardless of how an appellant captions the petition, if the petition raises issues for which the relief sought is the kind available under the PCRA. 42 Pa.C.S.A. § 9542 (stating PCRA is sole means of obtaining collateral relief). The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1).

Instantly, the court properly treated Appellant's current petition for writ of *habeas corpus* as a PCRA petition. Appellant's judgment of sentence, however, became final on January 13, 2010, upon expiration of time to file a petition for writ of *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed his current petition on or about March 7, 2016, over six years later; thus, the petition is patently untimely. *See* 42

- 3 -

Pa.C.S.A. § 9545(b)(1). Significantly, Appellant's petition neither alleges nor proves any cognizable exception to the PCRA timeliness requirements. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Therefore, the court properly dismissed Appellant's current petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/2017