J-S27011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOEL DONALD CARL :
:
Appellant : No. 1551 EDA 2016

Appeal from the PCRA Order May 2, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004381-2002

BEFORE: GANTMAN, P.J., OTT, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED MAY 23, 2017**

Appellant, Joel Donald Carl, appeals from the order entered in the

Lehigh County Court of Common Pleas, which dismissed as untimely his

serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42

Pa.C.S.A. §§ 9541-9546. On February 5, 2004, a jury convicted Appellant of

first-degree murder and possessing instruments of crime ("PIC"), in

connection with the murder of his wife on November 13, 2002.[1] The court

_____

[1] Appellant attempted suicide after the murder. While hospitalized for
treatment, Appellant waived his ***Miranda*** rights and gave a statement to
police, on the night of the murder, confessing his crimes. Appellant
subsequently litigated an unsuccessful motion to suppress claiming his
***Miranda***-waiver and confession were involuntary due to medications he
received in the hospital.

_____

*Retired Senior Judge assigned to the Superior Court.

sentenced Appellant on March 15, 2004, to life imprisonment for murder, and 2½-5 years' imprisonment for PIC. This Court affirmed the judgment of sentence on November 16, 2005, and our Supreme Court denied allowance of appeal on June 12, 2006. *See Commonwealth v. Carl*, 890 A.2d 1094 (Pa.Super. 2005), *appeal denied*, 588 Pa. 743, 902 A.2d 969 (2006). Since then, Appellant litigated two prior PCRA petitions, both of which were ultimately unsuccessful.

Appellant filed the current, serial PCRA petition on October 17, 2014. The court held a PCRA hearing on November 4, 2015, and denied relief on May 2, 2016. Appellant timely filed a notice of appeal on May 20, 2016. On May 25, 2016, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b); Appellant timely complied.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(1), (3). The statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2). The exception at Section 9545(b)(1)(ii) requires the petitioner to show

he did not know the facts underlying his petition and could not have learned them earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007). Due diligence requires the petitioner to take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). Instantly, Appellant's judgment of sentence became final on September 10, 2006, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on October 17, 2014, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new facts" exception at Section 9545(b)(1)(ii), claiming that on August 24, 2014, he first learned suppression counsel had visited Appellant in the hospital on the morning **after** he confessed his crimes. Appellant insisted suppression counsel observed Appellant's impaired cognitive state at that time. Appellant claims he would have called suppression counsel as a witness at the suppression hearing, to address Appellant's "groggy" state, and hired new counsel, if Appellant had known about counsel's observations. Nevertheless, Appellant's hospital records contain a notation from November 14, 2002, stating: "PA lawyer @ bedside." The certified record makes clear

Appellant has had access to his hospital records for many years. Appellant failed to exercise due diligence in discovering that suppression counsel was the "PA lawyer" who visited Appellant in the hospital on the morning after his confession. *See Monaco, supra*. Thus, Appellant's petition remains untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017