J. S12044/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                     Appellee    :
                                 :
            v.                   :
                                 :
DAVID JONATHAN FREEMAN,          :
                                 :
                     Appellant   :    No. 1852 EDA 2014

Appeal from the PCRA Order May 23, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division No(s).: CP-39-CR-0001078-1995

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 25, 2015**

Appellant, David Jonathan Freeman, takes this counseled appeal from the order entered in the Lehigh County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant, who was sixteen years old at the time of the underlying incident, maintains *Miller v. Alabama*, 132 S. Ct. 2455 (2012), held that a mandatory life without parole sentence violates the Eighth Amendment prohibition on cruel and unusual punishment. We affirm.

On December 15, 1995, Appellant pleaded guilty to murder in the first

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

degree. He admitted to bludgeoning his father to death with an aluminum baseball bat, while Appellant's seventeen-year old brother fatally stabbed their mother. The brothers' eleven-year old brother was also fatally struck with a pickaxe handle as he lay in bed. The brothers' eighteen year old cousin was convicted as an accomplice in the father's murder, and "no one was convicted of" the murder of the youngest brother. PCRA Ct. Op., 8/28/14, at 2.

Immediately after accepting Appellant's plea, the trial court imposed the mandatory sentence of life imprisonment without parole. Appellant did not file a post-sentence motion or take an appeal.

Fourteen years later, on July 7, 2010, Appellant filed the instant *pro se* first PCRA petition. The PCRA court appointed present counsel, Charles A. Banta, Esq., to represent him. Counsel filed an amended PCRA petition on August 14th, citing the Eight Amendment and **Miller** in support.[2] On September 2nd, the PCRA court stayed the petition pending a decision by our Supreme Court in **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013). On January 24, 2014, Appellant filed a petition for *habeas corpus*, invoking the PCRA's "new constitutional right" timeliness exception at Subsection (b)(1)(iii).

On April 1, 2014, the PCRA court lifted the stay and issued notice

---

[2] Counsel initially filed a petition to withdraw from representation pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court denied it the following day.

under Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition as untimely. The court cited the holding in **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014), that a defendant may not rely on **Miller** to establish jurisdiction over an untimely PCRA petition. Appellant did not file a response and instead took this timely appeal.

On appeal, Appellant's sole claim is that the court erred in dismissing his PCRA petition as untimely. He does not refer to **Seskey**, but maintains the Eighth Amendment prohibits cruel and unusual punishment, and that **Miller** declared that a mandatory sentence of life without parole for a juvenile offender is cruel and unusual punishment. Appellant also cites the dissenting opinion in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014), "that the rule in **Miller** was substantive, and therefore should be given retroactive effect." Appellant's Brief at 11 (citing **Cunningham**, 81 A.3d at 18 (Baer, J., dissenting)). We find no relief is due.

"[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Seskey**, 86 A.3d at 241 (citation omitted). Subsection 9545(b)(1) of the PCRA requires a petition to be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). The exception at Subsection 9545(b)(1)(iii) allows

a petition after the filing period when the petitioner asserts a constitutional right that was recognized by the United States Supreme Court or Pennsylvania Supreme Court and was held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). Finally, we note that in **Seskey**, this Court held,

> Recently, in **Cunningham**, our Supreme Court held that the constitutional right announced by the United States Supreme Court in **Miller** does not apply retroactively. Consequently, [the petitioner] cannot rely upon **Miller** or subsection 9545(b)[(1)](iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court.

**Seskey**, 86 A.3d at 243 (citation omitted).

In the case *sub judice*, it is not disputed that Appellant's petition was filed beyond the general one-year filing period.[3] **See** 42 Pa.C.S. § 9545(b)(1). Pursuant to **Seskey**, we agree with the PCRA court that Appellant cannot rely on **Miller** to invoke the timeliness exception at Subsection 9545(b)(1)(iii). Accordingly, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

---

[3] As stated above, Appellant was sentenced on December 15, 1995 and did not take a direct appeal. "The amended PCRA provided a one-year grace period . . . to **first-time** PCRA petitioners whose judgments of sentence became final prior to the effective date[, January 16, 1996,] of the amended Act." **Commonwealth v. Robinson**, 12 A.3d 477, 479 n.3 (Pa. Super. 2011). Appellant thus generally had until January 16, 1997, to file a first PCRA petition. The instant petition was filed on July 7, 2010.

J. S12044/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015