J-S29036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY CRESPO, | : | |
| | : | |
| Appellant | : | No. 1827 WDA 2014 |

Appeal from the PCRA Order Entered October 8, 2014,
in the Court of Common Pleas of Bedford County,
Criminal Division, at No(s): CP-05-CR-0000343-2008

BEFORE:    PANELLA, MUNDY, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 24, 2015**

Barry Crespo (Appellant) appeals from the order entered October 8, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On June 18, 2009, following his convictions for involuntary deviate sexual intercourse and related offenses, Appellant was sentenced to an aggregate term of 20 to 40 years' incarceration.  Appellant timely filed a notice of appeal to this Court, which affirmed Appellant's judgment of sentence on July 27, 2010. **Commonwealth v. Crespo**, 6 A.3d 574 (Pa. Super. 2010) (unpublished memorandum).  Appellant did not seek review by our Supreme Court, but filed a counseled PCRA petition on January 20, 2011.  On April 26, 2012, following two days of hearings, the PCRA court denied Appellant's petition.  Appellant timely filed an appeal from the PCRA

_____
*Retired Senior Judge assigned to the Superior Court.

court's decision. On August 28, 2013, this Court affirmed the PCRA court's order and, on March 24, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Crespo***, 83 A.3d 1079 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 87 A.3d 814 (Pa. 2014).

On September 8, 2014, Appellant, through privately retained counsel, filed a second PCRA petition in which he alleged, *inter alia*, that he had recently uncovered information that one of his trial attorneys, Lance Marshall, Esquire,[1] was the subject of criminal and disciplinary investigations at and before the time of Appellant's 2009 trial. Appellant's Brief at 5-13. In his petition, Appellant alleged that Attorney Marshall's "interest in protecting himself from criminal prosecution and disciplinary action" created a conflict of interest that adversely affected his stewardship of Appellant's case. ***Id.*** at 12. On October 9, 2014, the PCRA court entered an order dismissing

---

[1] As Appellant explains,

> Appellant was represented [at trial] by Philip Masorti and Lance Marshall. Masorti handled the actual trial and meetings with witnesses. Marshall was responsible for much of the pre-trial preparation, plea negotiations, drafting and litigating of motions, consultation with [A]ppellant, researching of various legal issues, preparation [for] sentencing, appearance at the sentencing hearing, post[-]sentence motions, and the appeals to both the Superior and Supreme Courts of Pennsylvania.

Appellant's Brief at 4.

Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Appellant presents the following questions for this Court's consideration.

> 1. Did the PCRA court err in dismissing [Appellant's] PCRA petition without a hearing on the grounds that it was untimely [filed] where [Appellant] pled and would have proved that evidence establishing a serious conflict of interest on trial counsel's part was just discovered and could not have been discovered any sooner with the exercise of reasonable diligence and therefore met the criteria of the "newly discovered evidence" exception to the statutory time bar?
>
> 2. Did the PCRA court err in dismissing [Appellant's] PCRA petition without a hearing on the grounds that it was untimely [filed] by failing to address [Appellant's] claim that evidence establishing a serious conflict of interest on trial counsel's part was knowingly concealed by the Commonwealth and he therefore met the criteria of the "governmental interference" exception to the statutory time bar?

Appellant's Brief at 3 (suggested answers omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or

subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Robinson*, 12 A.3d at 480.

Appellant's petition, filed over a year after his judgment of sentence became final, is patently untimely. However, Appellant claims that he alleged sufficient facts to satisfy the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1)(i) and (ii), which provide as follows: "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States," and "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"

As to the first exception, Appellant claims that the Commonwealth concealed its knowledge of Attorney Marshall's legal problems, and the resulting conflict of interest, in violation of its ethical duty to disclose such matters. Appellant's Brief at 29-31. As to the second exception, Appellant contends that his privately-retained attorney only discovered newspaper

articles regarding Attorney Marshall's legal difficulties in July of 2014.[2] *Id.* at 8, 12-13. Appellant maintains that he filed the instant PCRA petition within 60 days of discovering this information. *Id.* Appellant further asserts that he could not by the exercise of due diligence have learned of the articles earlier because they were published in small, local newspapers outside of Bedford County and he had no reason to investigate Attorney Marshall, thus "[w]hen there is no reason to investigate something, failure to investigate it cannot be faulted." *Id.* at 21. Therefore, Appellant argues, the PCRA court should not have dismissed his petition as untimely.

We disagree. Appellant relies on facts that were available to the general public through articles that were published prior to trial in this matter. Appellant's argument that he had no duty to investigate Attorney Marshall is unavailing, particularly in light of the fact that this information could have been obtained prior to the filing of his first PCRA petition in which he raised claims of trial counsels' ineffectiveness. Thus, Appellant failed to allege facts that warranted a hearing on his petition. *See, e.g., Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013) (holding that "to constitute facts which were unknown to a petitioner and could not have

---

[2] Specifically, Appellant contends that his present counsel performed an internet search of "Lance Marshall attorney" on "July 28 or 29, 2014" which uncovered two articles, published in the *Centre Daily Times* and the *Lehigh County Morning Call* in 2009, detailing the Pennsylvania Attorney General's investigation into Attorney Marshall.

been ascertained by the exercise of due diligence, the information must not be of public record"); ***Commonwealth v. Fisher***, 870 A.2d 864, 871 (Pa. 2005) (holding subsection 9545(b)(1)(ii) exception not met where articles containing information relied upon had "been available and discoverable for more than two years" prior to filing of petition). Moreover, Appellant has failed to explain the manner in which the District Attorney's Office of Bedford County concealed or otherwise interfered with the presentation of this claim when the documentation upon which Appellant now relies was a matter of public record as early as 2009.

Because Appellant failed to satisfy a PCRA timeliness exception, the PCRA court lacked jurisdiction to entertain the merits of Appellant's claims, and dismissal of the PCRA petition was proper.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015