J-S67044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCUS ALLEN MCCAIN, | |
| Appellant | No. 1180 MDA 2015 |

Appeal from the PCRA Order June 30, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0004953-2009
CP-36-CR-0005774-2008

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED JANUARY 06, 2016**

Appellant, Marcus Allen McCain, appeals from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

A previous panel of this Court summarized the factual and procedural history of this case as follows:

> [Appellant] entered a negotiated guilty plea on March 15, 2011 to recklessly endangering another person, simple assault, persons not to possess firearm, delivery of controlled substance, and criminal conspiracy.[1]  Pursuant to the terms of the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The negotiated plea agreement addressed charges stemming from two criminal docket numbers.  (**See McCain, infra** at *1 n.1).  Relevant to the instant matter are the recklessly endangering another person, simple
*(Footnote Continued Next Page)*

negotiated plea, the trial court sentenced [Appellant] to seven-to-fourteen-years['] imprisonment.

[Appellant] filed a [m]otion to [m]odify his sentence on March 24, 2011, which the trial court denied on March 28, 2011. [Appellant] did not file an appeal and his appeal period expired on April 27, 2011.

On May 11, 2011, [Appellant] filed a *pro se* petition for PCRA relief. The PCRA court appointed counsel, who filed a "No-Merit Letter" and a motion to withdraw as counsel. On October 26, 2011, the PCRA court issued a notice of intent to dismiss the PCRA petition without an evidentiary hearing and, on November 29, 2011, the PCRA court dismissed the petition. [Appellant] did not appeal.

On November 13, 2012, [Appellant] filed a second PCRA petition alleging his guilty plea to persons not to possess firearms is "null and void" for lack of subject matter jurisdiction. On November 27, 2012, the PCRA court issued a notice of its intent to dismiss the PCRA petition as untimely, and [Appellant] filed objections. On March 13, 2013, the PCRA court issued an order dismissing [Appellant's] second PCRA petition as untimely. . . .

(***Commonwealth v. McCain***, No. 593 MDA 2013 at *1-2, unpublished memorandum (Pa. Super. filed March 25, 2014)) (footnotes omitted). This Court affirmed the PCRA court's order on March 25, 2014.

On August 6, 2014, Appellant, acting *pro se*, filed the instant, third PCRA petition, in which he claimed that on July 22, 2014, he received a statement from Lethan Williams indicating that he witnessed the shooting

*(Footnote Continued)* ─────────────

assault, and firearm charges, which arose from an August 29, 2009 incident during which Appellant shot at the victim multiple times, causing injury to his face and forehead. (***See*** N.T. Guilty Plea, 3/15/11, at 12-13; N.T. PCRA Hearing, 3/31/15, at 45, 52, 54-55). Two witnesses and the victim identified Appellant as the shooter. (***See*** N.T. PCRA Hearing, at 54-55).

and that Appellant was not the shooter. (*See* PCRA Petition, 8/06/14, at 3).

Appointed counsel filed an amended petition on December 23, 2014,

averring that, in addition to the statement from Williams, "[on] November

12, 2014 [Appellant] received an [a]ffidavit from Michael Mahler."

(Amended PCRA Petition, 12/23/14, at 3 ¶ 19; *see id.* at ¶ 18). Attached as

Exhibit B to the petition is the affidavit prepared by Mahler consisting of a

single sentence stating that he was present on the night of the shooting and

that the gunman "was not [Appellant] because I saw the person who fired

the shots." (*Id.* at Exhibit B). The PCRA court held a hearing on the matter

on March 31, 2015,[2] and entered its order and opinion dismissing the

petition as untimely on June 30, 2015. This timely appeal followed.[3]

Appellant raises the following issue for our review: "Whether the

[PCRA] court erred in denying [Appellant's] amended PCRA when the

testimony of Michael Mahler constituted exculpatory evidence justifying the

award of a new trial under 42 Pa.C.S.A. § 9543(a)(2)(vi)[?]" (Appellant's

Brief, at 4) (most capitalization omitted).

_____

[2] Mahler testified at the hearing. (*See* N.T. PCRA Hearing, at 7-32). Williams refused to cooperate with an investigator or accept the subpoena, and he failed to appear. (*See id.* at 2, 6, 47-48).

[3] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on July 15, 2015. *See* Pa.R.A.P. 1925(b). The PCRA court filed an opinion on July 27, 2015, in which it relied on its opinion entered June 30, 2015. *See* Pa.R.A.P. 1925(a).

We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

"[W]e must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." ***Id.*** (citation omitted).

The timeliness of a PCRA petition is a jurisdictional requisite. Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011) (case citations, quotation marks, and footnote omitted).

In this case, Appellant's judgment of sentence became final on April 27, 2011, when his time to file a direct appeal with this Court expired. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date, until April 27, 2012, to file a petition for collateral relief. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition

- 4 -

on August 6, 2014, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See id.* at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three very limited exceptions to excuse the late filing of a petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*; *see also Robinson*, *supra* at 479-80. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant argues the applicability of the "new facts" timeliness exception set forth in Section 9545(b)(1)(ii), based upon receipt of Mahler's affidavit on November 12, 2014. (*See* Appellant's Brief, at 8-9, 14-15). Appellant claims that, although he may have had conversations with Mahler outside of the sixty-day period provided by the PCRA indicating that Mahler had exculpatory evidence, he was not aware of the specifics of Mahler's testimony until he received the affidavit. (*See id.*). He further contends

that, because he filed the amended PCRA petition containing his claim relating to Mahler on December 23, 2014, he met the PCRA's sixty-day requirement. (***See id.*** at 14). We disagree.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of after-discovered evidence. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:
>
>> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these

- 6 -

two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015) (case citations, footnote, emphasis, and most quotation marks omitted). The PCRA's sixty-day time period begins to run from the moment the petitioner discovers the fact upon which the claim is predicated. *See Commonwealth v. Wilson*, 824 A.2d 331, 336 n.9 (Pa. Super. 2003), *appeal denied*, 839 A.2d 352 (Pa. 2003); *see also* 42 Pa.C.S.A. § 9545(b)(2).

Here, at the PCRA hearing, Mahler testified that he first became acquainted with Appellant in late 2013 in the prison law library, and that they discussed Appellant's case on six occasions. (*See* N.T. PCRA Hearing, at 9-13). He testified that, during their second or third conversation in late 2013 or very early 2014, he advised Appellant that he witnessed the shooting and that he knew Appellant was not the shooter. (*See id.* at 13-18, 20, 29-30). Mahler conceded that he waited approximately eleven months before preparing the affidavit stating Appellant was not the shooter. (*See id.* at 18).

Appellant testified that he was unsure of exactly when he learned of Mahler's eyewitness account, but that "[i]t was probably somewhere around March, April [2014]." (*Id.* at 40; *see id.* at 39). Appellant acknowledged that, when he initially became aware of this information, he did not contact

prison officials, police, legal aid, or a lawyer to advise that Mahler was an eyewitness to the shooting and would state that Appellant was not the gunman. (*See id.* at 40-43). Despite Appellant's discussions with Mahler, his *pro se* PCRA petition, filed on August 6, 2014, made no mention whatsoever of Mahler. (*See* PCRA Petition, 8/06/14, at 1-9). Appellant first raised the issue regarding Mahler in his amended PCRA petition, filed on December 23, 2014. (*See* Amended PCRA Petition, 12/23/14, at 3 ¶ 19, Exhibit B).

Based on this record, we agree with the PCRA court that Appellant filed his claim predicated on Mahler's information well beyond sixty days of the date that he could have presented it, and that he failed to "take reasonable steps to protect his own interests." *Brown*, *supra* at 176; *See* 42 Pa.C.S.A. § 9545(b)(2); (*see also* PCRA Court Opinion, 6/30/15, at 7). Appellant's own testimony makes clear that he was aware of Mahler's eyewitness account in March or April of 2014, at least eight months before he raised the claim in the PCRA court. Therefore, we conclude that the PCRA court properly dismissed the petition based on its determination that it was untimely. *See Miller*, *supra* at 992. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/6/2016</u>