J-S88027-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
NYAKO ODELL PIPPEN, :
:
Appellant : No. 2013 EDA 2016

Appeal from the PCRA Order May 23, 2016,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No: CP-46-CR-0003182-2007

BEFORE:  OLSON, RANSOM, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 28, 2017**

Nyako Odell Pippen (Appellant), appeals from the May 23, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On January 8, 2008, following a jury trial, Appellant was convicted of second-degree murder, criminal conspiracy, and three counts of robbery.  On March 19, 2008, Appellant received a mandatory life sentence as well as an aggregate consecutive sentence of ten to twenty years of incarceration.

Appellant failed to file timely a direct appeal, but his appellate rights were reinstated *nunc pro tunc*.  On June 18, 2009, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on December 2, 2009.  ***See***
***Commonwealth v. Pippen***, 981 A.2d 319 (Pa. Super. 2009) (unpublished

*Retired Senior Judge assigned to the Superior Court.

memorandum), *appeal denied*, 985 A.2d 219 (Pa. 2009). Appellant timely filed a PCRA petition, which the PCRA court dismissed in March 2012. A panel of this Court affirmed the dismissal of Appellant's first PCRA petition. *See Commonwealth v. Pippen*, 64 A.3d 281 (Pa. Super. 2013) (unpublished memorandum).

On March 30, 2016, Appellant *pro se* filed a second PCRA petition alleging he was entitled to relief under the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) (holding unconstitutional mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed homicides). PCRA Petition, 3/3/2016, at 1-8. On April 7, 2016, the PCRA court filed a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed no response, and on May 23, 2016, the PCRA court dismissed his petition. This timely-filed appeal followed.[1]

We now consider whether the PCRA court erred in dismissing Appellant's petition as untimely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479

---

[1] While Appellant's notice of appeal was not docketed until June 28, 2016, more than thirty days after the PCRA court dismissed Appellant's petition, the court found the appeal was timely filed under the prisoner mailbox rule. *See* PCRA Court Opinion, 8/8/2016, at n 1. *See also Smith v. Pennsylvania Bd. of Prob. & Parole*, 683 A.2d 278, 280 (Pa. 1996) ("[A]n appeal by a *pro se* prisoner [is deemed] to be filed when it was given to prison authorities for mailing[.]"). We see no reason to disturb the PCRA court's finding.

(Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

Here, Appellant's judgment of sentence became final in March of 2010, and thus, his petition filed on March 30, 2016 is facially untimely. Therefore, the PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered to prove one or more of the three statutory exceptions to the time bar. *See* 42 Pa.C.S. § 9545(b)(1). In his petition, Appellant contends the PCRA court had jurisdiction because the *Miller* decision satisfies the following exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(iii). PCRA Petition, 3/30/2016, at 7.

Appellant's attempt to invoke *Miller* is without merit. The Supreme Court in *Miller* held that "mandatory life without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller,* 132 S.Ct. at 2460. Appellant was nineteen at the time of the offense. The *Miller* decision obviously does not support Appellant's alleged timeliness exception.

Likewise, we find Appellant's attempt to advocate that the holding in **Miller** should be expanded to include himself unavailing.  **See Commonwealth v. Cintora** 69 A.3d 759, 764 (Pa. Super. 2013) ("[Petitioners] conclude that the holding in **Miller** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains. However, we need not reach the merits of [petitioners'] argument, as their contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii).") (citation omitted; emphasis in original).

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing.  **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judge Olson joins.

Judge Ransom concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017