J-S19015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
PAUL JOSEPH BEGNOCHE :
:
Appellant : No. 1638 MDA 2016

Appeal from the PCRA Order September 14, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004038-2010

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED APRIL 19, 2017**

Appellant, Paul Joseph Begnoche, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, dismissing his serial petition filed per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  Appellant entered a negotiated guilty plea of *nolo contendere* on December 5, 2011, to rape of a child and other sex offenses involving his minor daughter.  The court sentenced Appellant that day to an aggregate term of ten to twenty years' imprisonment plus ten years' probation. Appellant did not seek direct review.  On November 8, 2012, Appellant timely filed his first PCRA petition *pro-se*.  The PCRA court denied PCRA relief on January 24, 2014, and this Court affirmed on February 5, 2015. Appellant timely filed a Petition for Allowance of Appeal ("PAA") on March 6, 2015.  While the PAA was still pending, Appellant filed various unsuccessful

_____

*Former Justice specially assigned to the Superior Court.

serial petitions for collateral relief. The Pennsylvania Supreme Court denied Appellant's PAA on August 6, 2015. On January 6, 2017, Appellant filed his fourth PCRA petition *pro-se*, while the order denying his third PCRA petition was pending on appeal.[1] The PCRA court denied the fourth petition for lack of jurisdiction on September 14, 2016. Appellant timely filed a *pro-se* notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on September 29, 2016.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Roy Robinson***, 12 A.3d 477 (Pa.Super. 2011). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Michael Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three exceptions to the timeliness provisions in the PCRA allow for

---

[1] The Pennsylvania Supreme court denied Appellant's PAA relating to the denial and dismissal of his third PCRA petition on November 8, 2016.

very limited circumstances to excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (providing exceptions for interference of government officials, newly discovered facts, or new constitutional right held to apply retroactively). Additionally, a petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, Appellant's judgment of sentence became final on January 4, 2012, upon expiration of the time to file a direct appeal. ***See*** Pa.R.A.P. 903. Appellant filed the current petition on January 7, 2016, over four years after his judgment of sentence became final. Therefore, Appellant's petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Additionally, Appellant's petition fails to plead and prove any cognizable exception to the PCRA timeliness requirements. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Moreover, Appellant filed his fourth PCRA petition while the order denying his third PCRA petition was still pending on appeal. Accordingly, the PCRA court properly dismissed the petition for lack of jurisdiction. ***See***

***Commonwealth v. Lark***, 560 Pa. 487, 746 A.2d 585 (2000) (holding court has no jurisdiction to review subsequent PCRA petition that is filed while appeal from previous PCRA petition is still pending).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017