J-S39043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| RANDALL HOYT CHUMLEY, | : | |
| | : | |
| Appellant | : | No. 281 WDA 2017 |

Appeal from the PCRA Order January 26, 2017,
in the Court of Common Pleas of Lawrence County,
Criminal Division, at No(s): CP-37-MD-0000375-1976

BEFORE:    BENDER, P.J.E., BOWES, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 07, 2017**

Randall Hoyt Chumley (Appellant) *pro se* appeals from the January 26, 2017 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

"On October 13, 1976, Appellant pleaded guilty to murder generally and, following a degree of guilt hearing, the trial court found Appellant guilty of second-degree murder.  On November 2, 1976, the trial court sentenced Appellant to a term of life in prison." **Commonwealth v. Chumley**, 93 A.3d 501 (Pa. Super. 2013) (unpublished memorandum at 1).  "Our Supreme Court affirmed Appellant's judgment of sentence on November 18, 1978 and, on March 19, 1979, the United States Supreme Court denied Appellant's petition for writ of *certiorari*." **Id**. **See Commonwealth v. Chumley**, 394 A.2d 497 (Pa. 1978), *certiorari denied*, 440 U.S. 966 (1979).

*Retired Senior Judge assigned to the Superior Court.

On August 9, 2016, Appellant filed his fifth PCRA petition, which is the subject of this appeal. The PCRA court appointed counsel, who filed an amended petition. After giving notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition by order of January 26, 2017.

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises three substantive claims for relief. *See* Appellant's Brief at v.

Before we may consider the merits of Appellant's claims, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

It is clear that Appellant's petition is facially untimely; his judgment of sentence became final in 1979. However, Appellant alleges that his petition is based upon a change in the law, referencing *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Appellant's Brief at 3. Thus, it appears that Appellant is alleging that the following timeliness exception applies: "the right asserted is a

constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

In *Miller*, the Court held that the application of mandatory sentences of life imprisonment without possibility of parole to individuals who were juveniles at the time they committed homicides was unconstitutional. *Miller*, 567 U.S. at __, 132 S. Ct. at 2464. In *Montgomery*, the Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S. Ct. at 736.

Appellant was not a juvenile at the time of the murder; rather, he was 19 years old. *See* Appellant's Brief at 3 ("Appellant alleges that [a]lthough 19 at the time of the commission of the crime…."). Accordingly, *Miller* and *Montgomery* are not applicable to Appellant's petition. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) ("[P]etitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii).").

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. *See*

- 3 -

***Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017