J-S82032-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
           Appellee :
      v. :
:
VERNON EARL MCGINNIS, :
:
           Appellant : No. 824 WDA 2017

Appeal from the PCRA Order May 17, 2017,
in the Court of Common Pleas of Armstrong County,
Criminal Division, at No(s): CP-03-CR-0000547-1996

BEFORE:   BENDER, P.J.E., STEVENS, P.J.E.*, and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:       **FILED JANUARY 23, 2018**

Vernon Earl McGinnis (Appellant) *pro se* appeals from the May 17, 2017 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.[1]

"Appellant pled guilty to first degree murder and was sentenced immediately to life imprisonment on April 9, 1997.  Appellant did not file a direct appeal.  Rather, on March 15, 2000, Appellant filed a petition for writ

---

[1] Also before us is a letter from Appellant, received by this Court on December 4, 2017.  In this letter, Appellant averred it had been two weeks since the Commonwealth's brief was due and he had yet to receive a copy. Thus, Appellant sought to inquire with this Court whether he would still have the opportunity to file a reply brief.  A review of the record reveals that the Commonwealth did file its brief on November 16, 2017.  However, it appears from the certificate of service, that while the Commonwealth sent a copy to Appellant, it was sent to the incorrect address.  Commonwealth's Brief at 5. This Court is unaware if Appellant has since received a copy of the brief. Regardless, in light of the issues presented on appeal, the argument set forth in Appellant's brief and our disposition, a reply brief from Appellant would not alter this Court's decision.  Thus, we deny Appellant's request for relief.

* Former Justice specially assigned to the Superior Court
**Retired Senior Judge assigned to the Superior Court.

of *habeas corpus*, which the trial court treated as a PCRA petition." ***Commonwealth v. McGinnis***, 959 A.2d 969 (Pa. Super. 2008) (unpublished memorandum). The PCRA court ultimately denied Appellant's petition. "Over a year later, Appellant sought to appeal the denial of his PCRA petition *nunc pro tunc*, and the [PCRA] court granted his request." ***Id.*** However, on appeal, this Court treated Appellant's request for the reinstatement of his PCRA appellate rights as his second PCRA petition, and affirmed the PCRA court's denial of Appellant's first PCRA petition. ***Commonwealth v. McGinnis***, 844 A.2d 1284 (Pa. Super. 2003) (unpublished memorandum).

Since then Appellant has filed numerous petitions. Pertinent to this appeal, on March 29, 2017, Appellant *pro se* filed his tenth PCRA petition. The PCRA court filed a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and Appellant promptly filed a response. On May 17, 2017, the PCRA court dismissed the petition.

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises two substantive claims for relief. ***See*** Appellant's Brief at 4.

Before we may consider the merits of Appellant's claims, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the

PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

It is clear that Appellant's petition is facially untimely; his judgment of sentence became final in 1997. However, Appellant alleges that his petition is based upon a change in the law, referencing *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Appellant's Brief at 6. Based on the foregoing case law, Appellant contends the following timeliness exception applies: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's Brief at 6.

In *Miller*, the Court held "that mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465 (emphasis added). In *Montgomery*, the Court determined that *Miller* announced a new substantive rule of law that applies retroactively. *Montgomery*, 136 S. Ct. at 736.

Appellant was not a juvenile at the time of the murder; rather, he was 18 years old. *See* Appellant's Brief at 8 ("Appellant was 18 [years] old at the

- 3 -

time of the crime…"). Accordingly, **Miller** and **Montgomery** are not applicable to Appellant's petition. **See Commonwealth v. Rodriguez**, 2017 WL 5476640, at *14 (Pa. Super. 2017) ("Appellant acknowledges that he was eighteen years old at the time he committed the murder; however, he argues, nevertheless, that he may invoke **Miller** because his immature and/or impulsive brain made him similar to a juvenile. Thus, Appellant seeks an extension of **Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding. However, this Court has previously rejected such an argument.").

Because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>1/23/2018</u>